**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARK WILLIAM TOWNSEND,
            Appellant,

        v.

ENVIRONMENTAL PROTECTION
   AGENCY,
            Agency.

DOCKET NUMBER
DC-0752-15-0050-I-1

DATE: September 6, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark R. Heilbrun, Esquire, Fairfax Station, Virginia, for the appellant.

Alexandra Meighan and Caitlin Downs, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant formerly was employed by the Environmental Protection Agency (EPA or agency) as a GS-15 Supervisory Biologist until he was removed after an Office of Inspector General (OIG) investigation concluded that he had entered and certified time and attendance records for a subordinate from 2008 to 2012, despite knowing she was producing no work for the agency. Initial Appeal File (IAF), Tab 3 at 17, 80-83. Following the OIG investigation, the agency proposed the appellant's removal based on three charges: (1) Intentionally Submitting False Time and Attendance Information; (2) Making False Statements In Connection with an Official Investigation; and (3) Failure to Perform Supervisory Duties as Required. *Id.* at 69-76.

¶3 Charge 1 alleged that between 2008 and 2012 the appellant entered or approved information on the subordinate's timecards that reflected that she was working, despite knowing that she was performing little or no agency work. *Id.* at 70. Charge 2 alleged that the appellant made various false statements during his OIG interview on July 3, 2012. *Id.* at 70-71. Charge 3 alleged that, during the relevant time period, the appellant had stopped assigning his

subordinate any work, rated her fully successful for rating periods for which he knew she had performed little or no work, recommended her to receive a $1,000 cash performance award, and failed to properly account for her leave. *Id.* at 71-72.

¶4 Effective October 7, 2014, the agency removed the appellant. *Id.* at 17. The appellant filed a Board appeal challenging his removal and raising affirmative defenses of whistleblower reprisal, discrimination, retaliation for prior equal employment opportunity (EEO) activity, and harmful procedural error. IAF, Tab 1 at 4-6, Tab 77 at 4-6. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal action. IAF, Tab 87, Initial Decision (ID). The administrative judge found that the agency proved that the appellant had engaged in the charged misconduct based on the OIG report and testimony of Special Agent K, an OIG criminal investigator. ID at 4-13.

¶5 Regarding charge 1, she found that the record overwhelmingly showed that the appellant intentionally submitted false time and attendance information for his subordinate as charged. ID at 4-9. Regarding charge 2, based on an OIG memorandum of interview and the testimony of the OIG Special Agent, the administrative judge sustained all four specifications concerning instances in which the appellant made false statements during his OIG interview. ID at 9-11. The administrative judge also sustained charge 3 based on the appellant's admissions during his OIG interview. ID at 11-13. The administrative judge found that a nexus existed, and the penalty of removal was reasonable. ID at 13-18. Lastly, she found that the appellant failed to prove his affirmative defenses of harmful procedural error, whistleblower reprisal, discrimination based on age, race, or sex, and retaliation for prior EEO activity. ID at 18-28.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7      On review, the appellant does not identify any specific error regarding the administrative judge's findings concerning the essential facts supporting the agency's charges and the appellant's affirmative defenses.    Although the appellant urges generally that full Board review of the entire record is necessary, he fails to identify specific errors the administrative judge made in evaluating the evidence or applying the law.   Thus, the Board will not embark upon a complete review of the record.   *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

The administrative judge did not abuse her discretion in her rulings on discovery or the admissibility of evidence.

¶8      The appellant contends that the administrative judge erroneously declined to admit into the record an OIG investigation concerning an alleged comparator employee.   PFR File, Tab 1 at 13, 18.   It is well settled that an administrative judge has broad discretion to control the course of the hearing before her.   *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 9 (2012).   Rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard.   *Id.*, ¶ 11.   The record reflects that the administrative judge excluded the report, which was dated April 17, 2014, because the appellant failed to show good cause for his late submission of the report for the first time at the hearing on December 3, 2015.   ID at 17 n.1; Hearing Transcript (HT) at 4-7.   In a prehearing order, the administrative judge informed the parties that, in presenting evidence at the hearing, they would be limited to their prehearing submissions, except for good cause shown.   IAF, Tab 45.   Despite this warning, the appellant did not submit the report until the day of the hearing.   Thus, we find that the administrative judge did not abuse her discretion in excluding the report.

¶9      The appellant next contends that the administrative judge ignored discovery abuse by the agency and improperly denied his motion concerning the agency's improper invocation of the law enforcement privilege during Special Agent K's

deposition. PFR File, Tab 1 at 15-17. The record reflects that the appellant filed a "Motion for Production of Evidence for Which a Privilege is Claimed by the Agency," in which he generally asserted that the agency improperly invoked the law enforcement privilege over 130 times to prevent his relevant "inquiry concerning EPA personnel that the Deciding Official included in his *Douglas Factor* comparator analysis." IAF, Tab 39 at 4. In his motion, he did not identify which questions were at issue or explain how such questions would have elicited relevant testimony but rather attached the entire 234-page deposition transcript. *Id.* at 7-240. The administrative judge denied the appellant's motion as not in the proper format, lacking in specificity, and requesting irrelevant information. IAF, Tab 81. We find that the administrative judge did not abuse her discretion in denying the appellant's motion.

¶10    In any event, the appellant has not explained how the information he sought to discover would have changed the outcome of the appeal and, thus, has not provided a basis for reversal of the initial decision. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); *Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009). On review, he argues that the information sought was relevant to show disparate penalty because it would establish that the OIG investigated another employee for alleged similar misconduct only for administrative purposes, with no possibility of criminal referral. PFR File, Tab 1 at 16. We fail to discern how such evidence is relevant to the issue of whether the appellant was treated disparately regarding the removal penalty. *See, e.g.*, *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 19 (2014) (stating that a claim of disparate penalties focuses on whether an imposed penalty is appropriate for the sustained charges).

¶11    Finally, the appellant argues that the administrative judge improperly denied his motion to compel depositions of four witnesses. PFR File, Tab 1 at 17 n.4. The record reflects that the appellant filed a motion to compel

depositions of R.M., A.W., J.D., and K.W.[2]  IAF, Tab 15 at 9 n.i.  In his motion, the appellant asserted that R.M. was a comparator who was treated more favorably than him despite her misconduct in supervising J.B., a former EPA employee who defrauded the Government by regularly failing to show up for work at the EPA and falsely claiming to have had a dual appointment with the CIA.  *Id.* at 6.  The appellant alleged that A.W. had provided false testimony about J.B. to Congress on several occasions.  *Id.* at 7.  He also sought to depose J.D. and K.W., EPA attorneys involved in his removal, regarding their contacts with witnesses and drafting of declarations for agency witnesses.  *Id.* at 8.

¶12    The administrative judge denied the appellant's motion, finding that he failed to show how the requested testimony would lead to the discovery of relevant evidence.[3]  IAF, Tab 23.  In particular, she found that the appellant had not shown how the requested information was relevant to any argument he might make about disparate penalty or comparators and that he could seek such information through other witnesses.  *Id.*  She noted that the appellant had focused his appeal on the behavior of other employees at the agency when it was his own misconduct at issue.  *Id.*

¶13    On review, the appellant contends that R.M.'s testimony was "essential" and that other witnesses were alleged to have "suborned false statements" with the purpose of undermining his credibility.  PFR File, Tab 1 at 13, 17 n.4.  We find that the administrative judge did not abuse her discretion in denying the

[2] The appellant also appears to contend that the administrative judge improperly denied the deposition of the EPA Inspector General, PFR File, Tab 1 at 17 n.4; however, this individual was not included in his motion to compel depositions, IAF, Tab 15.

[3] The appellant filed a Motion for Certification of Interlocutory Appeal concerning the administrative judge's denial of his motion to compel the depositions.  IAF, Tab 30. The administrative judge denied this motion, finding that it did not meet the regulatory criteria under 5 C.F.R. § 1201.92.  IAF, Tab 37.  To the extent the appellant is challenging this ruling on review, PFR File, Tab 1 at 17 n.4, we find that the administrative judge properly denied the motion because a discovery dispute is not a sufficient basis for certifying an issue for interlocutory appeal.  *See Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 6 (2005).

depositions of these witnesses. We fail to discern how the testimony of A.W., J.D., or K.W. would have led to evidence relevant to this appeal, and the appellant has not explained how this evidence would have affected the outcome. *See Sanders*, 114 M.S.P.R. 487, ¶ 10.

¶14      Further, even if the administrative judge abused her discretion in denying R.M.'s deposition, which the appellant contends was relevant to show she was treated more favorably, PFR File, Tab 1 at 13, any error did not affect the outcome here because the administrative judge properly found that the agency established legitimate reasons for the difference in treatment, ID at 17. The administrative judge credited the deciding official's testimony that he did not consider the appellant's misconduct to be analogous to that of the supervisor involved in J.B.'s case because J.B. had deceived his supervisors into believing that he was an undercover CIA agent with a dual appointment to the EPA, whereas here, the appellant knew that his subordinate was doing no work because he was not assigning her any work. *Id.*

The appellant's remaining arguments do not provide a basis for reversal.

¶15      On review, the appellant reiterates his allegations below concerning due process violations, including claims that the agency subjected him to numerous illegal and unconstitutional investigations and that the deciding official and OIG Special Agent K engaged in criminal wrongdoing. PFR File, Tab 1 at 4-14. The administrative judge, however, considered such arguments but found that he failed to adequately explain how any such allegations constituted harmful procedural error in the context of his removal. ID at 18-19. Although the appellant contends on review that the administrative judge failed to consider due process violations that are "easily identified and evaluated," he fails to explain such claims or identify any error in the initial decision. PFR File, Tab 1 at 5.

¶16      Next, the appellant contends that the administrative judge improperly relied on the OIG report and various statements in the report, which he contends were fabricated by Special Agent K. *Id.* at 20-24. The administrative judge, however,

found Special Agent K to be a straightforward and credible witness. ID at 6. In particular, she credited his testimony that both the appellant and his subordinate testified during their OIG interviews that the subordinate had done no work during the relevant time. *Id.* She also credited his testimony that the appellant had certified and approved the subordinate's time and attendance during the relevant time period. *Id.* Additionally, she considered, but found unpersuasive, the appellant's general testimony that the OIG report was flawed or enhanced, noting that when the appellant was asked by his own attorney if there was anything inaccurate in the report he responded, "No." *Id.*

¶17    The appellant also argues that the administrative judge was biased against him as evidenced by her "deplorable" and "legally tenuous" order, in which he contends she threatened him for raising legitimate arguments. PFR File, Tab 1 at 19. We have reviewed the order denying the appellant's motion for stay and for sanctions and find that it fails to establish a deep-seated antagonism towards the appellant that would make fair judgment impossible and, thus, does not overcome the presumption of honesty and integrity accorded to administrative judges. IAF, Tab 81; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶18    Finally, the appellant argues that the initial decision failed to meet the requirements of *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980), in which the Board stated that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's legal reasoning and conclusions of law. PFR File, Tab 1 at 24-25. We disagree. In contrast to the initial decision in *Spithaler*, 1 M.S.P.R. at 589, the initial decision here contains approximately 24 pages of detailed factual background and legal analysis. ID at 4-27. We find that the appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings and thus do not

provide a basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Although the appellant contends that the initial decision is woefully incomplete, one-sided, cursory, biased, and ignores material facts and relevant issues, he does not identify any particular evidence or testimony that the administrative judge failed to consider. PFR File, Tab 1 at 25.

¶19    Accordingly, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.